## NATIONAL BANK OF COMMERCE OF SEATTLE, WASH., v. UNITED STATES OF AMERICA.

## FIRST NAT. BANK OF SEATTLE, WASH., v. UNITED STATES.

District Court, W. D. Washington, N. D. December 29, 1928.

Nos. 11675, 12166.

204

Wm. C. Dorsey, of Omaha, Neb., and Kerr, McCord & Ivey and Chadwick, McMicken, Ramsey & Rupp, all of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Dist. Atty., and Jeffrey Heiman, Asst. U. S. Dist. Atty., both of Seattle, Wash., and George G. Witter, Sp. Atty., Bureau of Internal Revenue, of Los Angeles, Cal.

NETERER, District Judge (after stating the facts as above). ■ The Supreme Court in Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 590, 72 L. Ed. 985, said: "We conclude that the determination whether the taxpayer is entitled to the special assessment was confided by Congress to the Commissioner, and could not, under the Revenue Act of 1918, be challenged in the courts—at least in the absence of fraud or other irregularities."

These actions were commenced prior to June 4, 1928, and amended complaints were filed September 4, 1928, to bring the cases within the "fraud or irregularities" suggestion in the Williamsport, supra, decision.

Fraud is never presumed, and must be directly charged—omission or concealment in breach of duty, trust or confidence justly reposed by which undue or unconscientious advantage is taken of another, or corruption. The reply brief of the plaintiff, concisely stating its claim upon fraud, says: "The specific acts of the Commissioner alleged to constitute fraud or irregularity, is that he threw out the entire deposits of the bank and arbitrarily refused to include them in borrowed capital, when in fact they were borrowed capital."

Each plaintiff names ten banks said to be representative corporations suitable for comparison, but there is no charge that deposits in these banks were considered in any other way or any fact stated that a comparison with these banks would have revealed discrimination against the plaintiffs.

To succeed, each plaintiff must bring itself under sections 327 and 328, and it must appear that the assessment works an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of these sections and the tax computed by reference to the representative corporations specified in section 328: "The tax shall be the amount which bears the same ratio to the net income of the taxpayer * * * for the taxable year, as the *average tax of representative corporations engaged in a like or similar trade or business,* bears to their average net income * * * for such year." (Italics supplied.)

There is no allegation showing that the plaintiffs were discriminated against and not taxed in the same ratio to the net income as the average of representative corporations engaged in a like or similar trade or business. There is no allegation or statement which distinguishes these cases from the Williamsport Case, supra.

The demurrer to each complaint is sustained.